UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| REX A. MOORE,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN SKRMETTI, State of Tennessee Attorney General, in his official capacity, *et al.*,<br><br>Defendants. | ) | No.: 3:24-CV-197-TAV-DCP |

**MEMORANDUM OPINION AND ORDER**

This civil matter is before the Court on a Report and Recommendation ("R&R") issued by United States Magistrate Judge Debra C. Poplin on September 9, 2024 [Doc. 17]. In the R&R, Judge Poplin granted plaintiff's application to proceed *in forma pauperis* [Doc. 8]. And after screening the complaint, Judge Poplin recommends that the Court dismiss the State of Tennessee; the Tennessee Attorney General Jonathan Skrmetti, Lisa Hilton, and Frank Strada, in their official capacities; Johnny Caldwell, in his official capacity; and Lindsay Delorge, in her individual capacity. Further, Judge Poplin recommends allowing plaintiff's false arrest claim against defendant Caldwell in his individual capacity to proceed beyond the initial screening phase. Plaintiff, proceeding *pro se* in this matter, filed his objections to the R&R on September 25, 2024 [Doc. 19]. In addition, plaintiff has filed two motions to set aside judgment [Docs. 21, 22], which

the Court construes as further objections to the R&R.[1] For the reasons that follow, plaintiff's objections [Docs. 19, 21, 22] are **OVERRULED**, and the Court **ACCEPTS** and **ADOPTS** the R&R [Doc. 17] in whole.

## I. Standard of Review

This Court reviews *de novo* those portions of the magistrate judge's report and recommendation to which a party objects, unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira*, 806 F.2d at 637 (internal quotation marks omitted) (citation omitted). A general objection, in contrast to a specific objection, "has the same effect[ ] as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). In other words, a litigant must identify each issue in the report and recommendation to which the litigant objects with sufficient clarity such that the Court can identify it, or else that issue is deemed waived. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (stating that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). Furthermore,

---

[1] The Court notes that it construes these motions as objections to the R&R because, as of the date of their filing, no judgment had been entered in this case. *See Hunter v. Hamilton Cnty.*, No. 1:15CV540, 2016 WL 4836810, at *4 (S.D. Ohio Sept. 15, 2016) ("A report and recommendation is not a final judgment, order, or proceeding.").

each objection to a magistrate judge's recommendation should explain the source of the error. *Howard*, 932 F. 2d at 509.

The Court is mindful that because plaintiff is proceeding *pro se*, his pleadings should be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). But plaintiff's *pro se* status does not exempt him from the requirement of complying with relevant rules of procedural and substantive law. *See Felts v. Cleveland Hous. Auth.*, 821 F. Supp. 2d 968, 970 (E.D. Tenn. 2011) (citation omitted).

## II. Analysis

In examining plaintiff's objections to the R&R [Docs. 19, 21, 22], the Court concludes that these objections are not valid, as they lack the specificity required to trigger *de novo* review of the issue. *See Howard*, 932 F.2d at 509; *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution . . . is not an 'objection' as that term is used in this context."). In his first objection, plaintiff states that all of his claims are "clearly drafted[,]" "legably [sic] readable[,]" and "true" [Doc. 19, p. 1]. Further, plaintiff states that he objects to the dismissal of the State of Tennessee; Jonathan Skrmetti, Lisa Hilton, Frank Strada, and Johnny Caldwell, in their official capacities; and "to the [S]tate's qualified immunity from citizen plaintiff[']s

lawsuit[]" [*Id.*].[2] Lastly, plaintiff requests the appointment of counsel [*Id.*].[3] In his second objection, plaintiff states that he tried to "comply[] pro[ ]se" but the conditions of his confinement, as well as his age, mental health, physical condition, and lack of education, have prevented him from doing so [Doc. 21, p. 1]. Plaintiff then asserts that "[a]ll of [his] claims are fact" [*Id.*]. Finally, in his third objection, plaintiff requests that the "prosecution" of defendants listed in his second amended complaint continue [Doc. 22, p. 1]. Plaintiff again discusses the conditions of his confinement, stating he does not have adequate access to legal materials, and the law library clerk "knows nothing of case law" or the federal rules [*Id.*]. Given these objections are general and do not point to a source of error, they are **OVERRULED**.[4] *See Mira*, 806 F.2d at 637.

---

[2] To the extent plaintiff's objection to the State's immunity can be deemed a specific objection, he provides no authority in support of his position, and it is well established that, via the Eleventh Amendment, the State of Tennessee is immune from suits under § 1983. *See Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tenn.*, 63 F.4th 510, 518 (6th Cir. 2023).

[3] The Court notes that plaintiff filed a motion to appoint counsel [Doc. 20], and Judge Poplin subsequently denied his request [Doc. 23]. Thus, the issue of the appointment of counsel has already been addressed and denied by Judge Poplin, and her decision did not form part of her recommendations in the R&R. Thus, the Court finds it inappropriate to reconsider plaintiff's request within the context of plaintiff's objections to the R&R.

[4] The Court acknowledges that plaintiff cites to 33 U.S.C. § 1365 in support of his objection to the dismissal of his "citizen suit" against the State of Tennessee [Doc. 19, p. 1]. However, this statute has no application to plaintiff's claims because it covers citizen suits in relation to the Clean Water Act.

The Court also notes that plaintiff states that evidence of his religious grievance claims are on a thumb drive filed in another of his cases [Doc. 19, p. 1 (citing "cv-196")]. Looking at Case No. 3:24-cv-196, which includes plaintiff, the Court can discern no record of any filed thumb drive. The Court also emphasizes that efforts to raise new evidence "not before the Magistrate Judge are generally disfavored, particularly where the objecting party could have submitted this evidence much sooner." *Tomlinson v. Collins*, No. 2:09-CV-125, 2011 WL 478835, at *7 (S.D. Ohio Feb. 7, 2011) (citation omitted); *accord Hughes v. Core Civic, Inc.*,

The Court notes that in plaintiff's first objection, he appears to request the addition of Judge Green as a defendant, and he states that he "now seek[s] prospective injunctive relief" from excessive bail, retaliation, and "continued p[e]rjured (arrest)" [Doc. 19, p. 1]. Taking into consideration plaintiff's *pro se* status, the Court construes plaintiff's statements to be a request to amend his complaint. The Court, however, finds plaintiff's request to be improper given it is contained within his objection to the R&R rather than a separately filed motion seeking leave to amend. *See* Fed. R. Civ. P. 15(a)(2). Nonetheless, even if the Court were to consider plaintiff's request, the Court declines to allow plaintiff to amend his complaint for the reasons stated *infra*.

Regarding the addition of Judge Green as a defendant, the Court recites a portion of the R&R:

> Throughout the [Second Amended Complaint], Plaintiff states that he is making a claim for excessive bail. "Excessive bond is prohibited by the Eighth Amendment of the United States Constitution." *Marsh v. Randolph*, No. 1:09-CV-13, 2012 WL 397778, at *5 (E.D. Tenn. Feb. 7, 2012). Even so, "the Eighth Amendment does not mandate bail in all cases." *Fields v. Henry Cnty*., 701 F.3d 180, 183–84 (6th Cir. 2012). Although he does not name Judge Green as a Defendant, it appears he is making this claim against him. Regardless, Plaintiff includes no facts in support of his claim. And any claim against Judge Green is barred. *Marsh*, 2012 WL 397778, at *6 ("Judge Randolph and Judge Reedy made a determination of bond and any alleged claim arising from the exercise of that judicial function is barred by absolute immunity.").

[Doc. 17, p. 7 n.2 (internal citations omitted)]. The Court agrees with the R&R that plaintiff's apparent claim against Judge Green, relating to the determination of bond, is

No. 3:19-CV-00924, 2021 WL 2411342, at *3 (M.D. Tenn. June 11, 2021) (stating that the plaintiff's "newly presented evidence was not before the Magistrate Judge and cannot serve as grounds for objection to his recommendations").

barred. Therefore, the Court does not find it proper to allow plaintiff to amend his complaint to include Judge Green as a defendant.

Turning to plaintiff's statement that he now is seeking prospective injunctive relief, the Court finds this declaration to be an indication that plaintiff is using the R&R as an advisory opinion. Specifically, in the R&R, Judge Poplin recommends that the state employees sued in their official capacity—Skrmetti, Hilton, Strada, and Caldwell—be dismissed because plaintiff cannot seek money damages against state employees in their official capacities [Doc. 17, pp. 6–7 (citations omitted)]. Plaintiff can however, as the R&R explains, seek prospective injunctive relief against such employees, but upon screening the complaint, Judge Poplin found that no such prospective injunctive relief claims were made [*Id.*]. Now, plaintiff claims he is seeking such relief [Doc. 19, p. 1].

"Plaintiffs [are] not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *Culy Constr. & Excavating, Inc. v. Laney Directional Drilling Co.*, No. 2:12-cv-4, 2012 WL 12942602, at *3 (emphasis omitted) (quoting *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000)); *accord Glazer v. Chase Home Fin. LLC*, No. 1:09CV1262, 2010 WL 1391318, at *1 (N.D. Ohio Mar. 31, 2010), *aff'd*, 704 F.3d 453 (6th Cir. 2013) (finding that permitting a plaintiff "to amend upon the review of a Magistrate Judge's Report and Recommendation impermissibly places the Magistrate Judge in a position of rendering an advisory opinion").

Nonetheless, Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with "the court's leave[,]" which should be "freely give[n] . . . when justice requires." Specifically, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment," or other unjust reason, leave of court should be granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, Judge Poplin already considered allowing plaintiff to amend his complaint and ultimately declined to do so because plaintiff "has already filed three Complaints and many of his claims are barred as a matter of law" [*See* Doc. 17, p. 9]. Even disregarding plaintiff's failure to cure deficiencies in his complaint,[5] the Court finds that plaintiff's proposed amendment, to add requests for prospective injunctive relief, would be futile. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005).

"Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Id.* (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)). As stated previously, plaintiff's proposed amendment is to add, in relation to his 42 U.S.C. § 1983 claims, a request for "prospective injunctive relief" from excessive bail, retaliation, and "continued p[e]rjured (arrest)" [Doc. 19, p. 1]. However, the mere addition of this type

[5] Notably, in the Court's Order allowing plaintiff to file a second amended complaint, the Court instructed that "the amended complaint should provide, to the extent applicable . . . what relief Plaintiff seeks from the Court, such as money damages, *injunctive relief*, or declaratory relief" [*See* Doc. 13, p. 4 (emphasis added)].

of relief does not cure the other deficiencies that lie with plaintiff's § 1983 claims against Skrmetti, Hilton, Strada, and Caldwell in their official capacities.

To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). "[T]he Eleventh Amendment permits prospective injunctive relief, but not damage awards, for suits against individuals in their official capacities under 42 U.S.C. § 1983." *McKay v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000).

Turning first to "excessive bail," the Court re-emphasizes the R&R's statement that plaintiff appears to make an excessive bail claim against Judge Green, but plaintiff did not include Judge Green as a defendant in his second amended complaint [*See* Doc. 17, p. 7 n. 2]. Furthermore, the Court determined *supra* that it would not be proper to allow plaintiff to amend his complaint to add Judge Green. *See also Marsh*, 2012 WL 397778, at *4 (dismissing the plaintiff's claims against state judges in their official capacity because "suing a state official in his official capacity for acts performed within the scope of his authority is equivalent to suing the state itself[,]" which is precluded by the Eleventh Amendment). Aside from any specific defendant, the R&R also concluded that plaintiff "include[d] no facts in support of his claim" for excessive bail [*Id.*]. To survive initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Therefore,

without sufficient factual matter, a claim for excessive bail, and in turn, a request for relief from such excessive bail, cannot survive. *See Marsh*, 2012 WL 397778, at *5 (finding that the plaintiff did not raise a sufficient claim for excessive bail, and therefore, to the extent the plaintiff requested prospective relief, he was not entitled to such relief). Furthermore, the Court fails to see how Skrmetti, as the State of Tennessee Attorney General, Hilton or Strada, as current or former Tennessee Department of Correction Commissioners, or Caldwell, as a State of Tennessee probation officer, could have violated plaintiff's rights by setting excessive bail. *See id.* at *6 ("Presiding over bond hearings and setting bonds are judicial acts.").

Moving to plaintiff's request for prospective injunctive relief from retaliation, it appears to the Court that plaintiff is referencing his allegations that Caldwell and Delorge[6] retaliated against him when he filed a religious grievance [*See* Doc. 17, p. 7]. Similarly to above, the R&R found, and the Court here agrees, that "there are no factual allegations supporting [plaintiff's] conclusory assertions" of retaliation [*Id.* (citation omitted)]. Therefore, such claim, and related relief, would not survive a motion to dismiss, meaning an amendment here to include a request for prospective injunctive relief would be futile. *See Miller*, 408 F.3d at 817 (citation omitted); *Iqbal*, 556 U.S. at 678 (citation omitted).

---

[6] Notably, however, plaintiff sued Delorge only in her individual capacity, and therefore, she was not included in the R&R's discussion of prospective injunctive relief [*See* Doc. 17, pp. 6–7].

Lastly, turning to plaintiff's request for prospective injunctive relief from "continued p[e]rjury (arrest)," it appears that this request stems from plaintiff's allegations in his complaint that the affidavit, presumably attached to the warrant for plaintiff's arrest, is perjury [*See* Doc. 16, pp. 3–4]. As stated in the R&R, "it appears Defendant Caldwell is responsible for seeking the warrant" [*see* Doc. 17, p. 9], and thus, it would follow that Caldwell is also responsible for the supportive affidavit at issue, though this is not definitive from the complaint allegations. While not entirely clear, and despite the use of the word "continued," plaintiff's request for relief here appears to be premised on a past injury, specifically, the alleged perjury in the affidavit used in conjunction with the warrant for his arrest. Such relief is retrospective, not prospective, and therefore, it is barred by the Eleventh Amendment. *See Brown v. Strickland*, No. 2:10-CV-166, 2010 WL 2629878, at *4 (S.D. Ohio June 28, 2010) (stating that the plaintiff's "request to seal his conviction record is premised on a past injury, and as a result, is retrospective and barred by the Eleventh Amendment"); *see also Greene v. Middle Tenn. Mental Health Inst.*, No. 3:19-CV-00738, 2020 WL 1865187, at *4 (M.D. Tenn. Apr. 14, 2020) (citation omitted) (describing prospective relief as that which aims "to prevent future federal constitutional or statutory violations"); *United States v. Barker*, No. 3:13-CV-15, 2014 WL 1365951, at *2 (S.D. Ohio Apr. 7, 2014) (citations omitted) (noting that the "purpose of an injunction is to prevent future wrong violations").

Given all the above, the Court finds that plaintiff's proposed amendment would be futile, and thus, the Court declines to allow plaintiff leave to amend. *Foman*, 371 U.S. at 182.

## III. Conclusion

For the reasons set forth above, plaintiff's objections [Docs. 19, 21, 22] are **OVERRULED**, and the Court **ACCEPTS** and **ADOPTS** the R&R [Doc. 17] in whole. Plaintiff's claim pursuant to 42 U.S.C. § 1983 for false arrest against Johnny Caldwell, in his individual capacity, **SHALL PROCEED**. Plaintiff's remaining claims are dismissed.

The Clerk of Court is directed to send plaintiff a service packet (a blank summons and Form USM-285) for the remaining defendant, and plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within **twenty (20) days** of receipt of this Memorandum Opinion and Order, to be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Plaintiff is **ON NOTICE** that failure to timely return the completed service packet will result in dismissal of his entire suit.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE