UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| REX A. MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:24-CV-197-TAV-DCP |
| | ) |
| JOHNNY CALDWELL, in his individual capacity, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This civil matter is before the Court on plaintiff's motion [Doc. 26]. For the reasons set forth below, plaintiff's motion [Doc. 26] is **GRANTED in part** and **DENIED in part**.

### I. Background

On May 3, 2024, plaintiff filed a complaint against the Tennessee Department of Corrections as well as a number of State of Tennessee employees [Doc. 1]. On July 11, 2024, plaintiff filed an amended complaint [Doc. 11], and on August 8, 2024, after screening the complaint, the Court ordered plaintiff to file a second amended complaint, noting the deficiencies in his first amended complaint [Doc. 13]. Plaintiff filed a second amended complaint on September 4, 2024 [Doc. 16]. After screening the second amended complaint, Magistrate Judge Debra C. Poplin granted plaintiff's application to proceed *in forma pauperis* [Doc. 8] but recommended that the Court dismiss the State of Tennessee; the Tennessee Attorney General Jonathan Skrmetti, Lisa Hilton, and Frank Strada, in their official capacities; Johnny Caldwell, in his official capacity; and Lindsay Delorge, in her individual capacity [Doc. 17]. Judge Poplin, however, recommended allowing plaintiff's

false arrest claim against defendant Caldwell in his individual capacity to proceed beyond the initial screening phase [*Id.* at 1, 8–9].

The Court accepted and adopted in whole Judge Poplin's report and recommendation ("R&R") over plaintiff's objection [Doc. 24; *see* Doc. 19]. Additionally, the Court directed the Clerk of Court to send plaintiff a service packet as to the remaining defendant, which plaintiff was ordered to complete and return to the Clerk's Office within 20 days of receipt of the Court's Memorandum Opinion and Order [Doc. 24, p. 11]. After more than 20 days elapsed without receipt of the completed service packet, the Court ordered plaintiff to provide evidence within 10 days that he had completed and returned the service packet or otherwise show good cause as to why a service packet had not been completed and returned [Doc. 25]. In that order, the Court cautioned plaintiff that failure to timely comply with the show cause order would be grounds for the Court to dismiss this case without further notice [*Id.* at 1–2 (citing Fed. R. Civ. P. 41(b))]. Plaintiff subsequently filed the instant motion titled "Urgent Motion, And, Memorandum, with Unsworn Affidavit, for Contempt Att. to Set Aside Judgment for Extension of Time & Fed. U.S.C.A. Investigation Inj. Order Appt. of Legal Atty. for A.D.A. Petitioner Stay on Proceeding Under U.S. Court Master" [Doc. 26 (cleaned up)].

In his motion, plaintiff submits that on or about July 18, 2025, he was placed in the Tennessee Department of Corrections in an isolated housing unit where "all of his personal property, legal case info, documentation, writing [literature][,] etc. was stored as prohibited" [*Id.* at 1]. Plaintiff states that he tried to follow up with the Court's order on or about July 31, 2025, but he was delayed due to law library staff and an inmate conflict

2

[*Id.*].  Later, on or about August 14, 2025, plaintiff states he was "muzzled" while his livelihood and health were threatened by the State of Tennessee and Frank Strada, the "defendant part[ies]," and he is now "in fearful threat of his life for continuing [a]ny or all" litigation in this Court [*Id.*].  Plaintiff attaches a page laying out the elements of a Racketeer Influenced and Corrupt Organizations ("RICO") claim [*id.* at 2], and two pages with Latin phrases and their corresponding definitions [*Id.* at 3, 5].

## II.     Analysis

In total, plaintiff appears to make six requests in his motion: (1) for contempt; (2) to set aside the judgment; (3) for an extension of time; (4) for an investigation and corresponding injunction; (5) for the appointment of an attorney; and (6) for a stay of the proceedings [Doc. 26].  To start, the Court will turn to plaintiff's first, fourth, and fifth requests.

As to plaintiff's request for contempt, the Court notes that it has the authority to assure compliance with its orders through civil contempt.  *See S.E.C. v. Dollar Gen. Corp.*, 378 F. App'x 511, 516 (6th Cir. 2010) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)).  The Court, however, has not ordered the sole, remaining defendant to perform or refrain from any action in this case thus far.  Therefore, there is no order that defendant could have violated to warrant holding defendant in civil contempt.  *See NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987) (citation omitted) ("A litigant may be held in contempt if his adversary shows by clear and convincing evidence that 'he [violated] a definite and specific order of the

3

court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'"). Accordingly, to the extent plaintiff moves for civil contempt, such request is **DENIED**.

Moving to plaintiff's fourth request, plaintiff appears to assert that the State of Tennessee and Frank Strada, who were among the originally named defendants,[1] should be federally investigated for RICO violations, and in turn, an injunction should be entered to, presumably, prevent further violations [Doc. 26, p. 1]. "RICO's prohibitions may be enforced in both criminal and civil contexts." *Grow Michigan, LLC v. LT Lender, LLC*, 50 F.4th 587, 594 (6th Cir. 2022). To the extent plaintiff seeks to bring criminal charges against the State of Tennessee and Frank Strada for RICO violations, "a private citizen . . . has no authority to initiate a federal criminal prosecution . . . for [] alleged unlawful actions." *Williams v. Lutrell*, 99 F. App'x 705, 707 (6th Cir. 2004) (citations omitted). Thus, plaintiff, as an individual, cannot bring criminal charges against any of the originally named defendants.

Next, to the extent plaintiff seeks to assert a civil RICO claim, the State of Tennessee and Frank Strada have both been dismissed as defendants in this case [*See* Doc. 24]. Regardless, however, of these dismissals, plaintiff does not set forth sufficient factual matter for any civil RICO claim to survive here. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citation omitted) ("Amendment of a complaint is futile when the

---

[1] Despite the Court's dismissal of all but one of the originally named defendants in this case [*see* Doc. 24], plaintiff does not appear to acknowledge this.

proposed amendment would not permit the complaint to survive a motion to dismiss."); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (providing that to survive initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face'"). To state a civil RICO claim, "a plaintiff must allege (1) two or more predicate racketeering offenses, (2) the existence of an enterprise affecting interstate commerce, (3) a connection between the racketeering offenses and the enterprise, and (4) injury by reason of the above." *Grow Michigan, LLC*, 50 F.4th at 594. However, other than mere recitation of these elements [*see* Doc. 26, p. 2], plaintiff has not set forth any factual matter to sufficiently allege, for instance, the existence of an enterprise affecting interstate commerce. *See Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555) (stating that a complaint must contain more than "a formulaic recitation of the elements of a cause of action"). Therefore, plaintiff has not alleged sufficient facts to plausibly state a civil RICO claim. Accordingly, to the extent plaintiff seeks a federal investigation and injunction regarding RICO claims, such request is **DENIED**.

      Next, the Court turns to plaintiff's request for the appointment of an attorney. While the appointment of counsel in civil cases is not a constitutional right, the Court may use its discretion to appoint counsel in civil cases under certain circumstances. *Brubaker v. Barrett*, 801 F. Supp. 2d 743, 763 (E.D. Tenn. 2011). For a requesting party to be appointed counsel in a civil case, the requesting party must show that he has no financial means to afford an attorney, and that "exceptional circumstances" exist to warrant the appointment

5

of counsel. *Id.* (quoting *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993)) (providing that, in determining whether "exceptional circumstances," exist, courts have "examined the type of case and the abilities of the plaintiff to represent himself"). Given that plaintiff has not submitted any argument as to his request for counsel, he cannot meet his burden to show that exceptional circumstances exist. Accordingly, plaintiff's request for the appointment of an attorney is **DENIED**.

The Court now turns to plaintiff's remaining requests to set aside the judgment, for an extension of time, and for a stay of the proceedings. First, while plaintiff uses the phrase "set aside judgment," it appears, rather, that he is seeking the discharge of the Court's show cause order [*See* Doc. 25]. *See United States v. Altiery*, No. 2:13-CR-42-1, 2022 WL 3971106, at *3 (E.D. Tenn. Aug. 30, 2022) ("[C]ourts . . . have liberty to characterize a pro se petitioner's filings in a way that best captures the substance of those filings."). Furthermore, it appears plaintiff is requesting a stay of the proceedings, or, in the alternative, an extension to, presumably, comply with the show cause order. In support of these requests, plaintiff submits that the conditions of his incarceration have prevented him from complying with the Court's orders [Doc. 26, p. 1].[2] Moreover, plaintiff states that, around August 14, 2025, he was "muzzled" and "threatened" by the State of Tennessee and Frank Strada, making him fearful of continuing this action [*Id.*].

---

[2] Notably, however, the dates provided by plaintiff do not align with when the Court instructed plaintiff to act. Specifically, plaintiff states that he tried to comply with this Court's orders on or about July 31, 2025; however, at that time, the Court had not yet ruled on the R&R [*see* Doc. 24 (entered August 12, 2025)] or issued the relevant show cause order [*see* Doc. 25 (entered September 11, 2025)], each of which required plaintiff to act. However, given plaintiff's *pro se* status, the Court will liberally construe the plaintiff's motion.

6

The Court begins by reiterating plaintiff's obligation under the show cause order [Doc. 25], which was to provide evidence that plaintiff had completed and returned the service packet for the remaining defendant or otherwise show good cause as to why the service packet had not been completed and returned. Based on plaintiff's instant motion, the Court does not find that plaintiff has satisfied this obligation. First, plaintiff has provided no evidence that he *did* complete and return the service packet as ordered by this Court [*See id.*; Doc. 24]. Second, plaintiff has not otherwise shown good cause as to why he has not completed and returned the service packet. While plaintiff emphasizes how the conditions of his incarceration have prevented him from complying with the show cause order thus far, plaintiff does not explain the inconsistency between the ability to file the instant motion with the inability to complete and return the service packet. Moreover, plaintiff does not assert, for example, that he never received the service packet, which would serve as good cause for his inability to complete the packet. Therefore, given plaintiff has not satisfied the obligation set forth in the show cause order, the Court does not find that discharge is presently warranted. Accordingly, to the extent plaintiff requests that the Court "set aside" the show cause order, such request is **DENIED**.

What remains is plaintiff's request for a stay, or in the alternative, an extension of time to comply with the show cause order. First, the Court acknowledges its authority to stay proceedings in this matter. *See Malibu Boats, LLC v. Nautique Boat Co.*, No. 3:13-CV-656, 2014 WL 3866155, at *2 (E.D. Tenn. Aug. 6, 2014) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The Court, however, does not find that such a stay would be appropriate in this case. As stated previously, plaintiff expresses that he fears for his

life in continuing this action, claiming he has been "muzzled" and "threatened" by the State of Tennessee and Frank Strada, the current commissioner of the Tennessee Department of Correction ("TDOC"). Aside from this statement, however, plaintiff provides no argument as to why a stay should be entered. And it is "not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (citations and internal quotation marks omitted); *accord* E.D. Tenn. L.R. 7.1(b) ("Briefs shall contain a concise statement of the factual and legal grounds which justify the ruling sought from the Court."). Moreover, it is unclear to the Court how exactly the conduct of the State and the TDOC Commissioner have caused plaintiff the fear he alleges. In total, the Court does not find that a stay is warranted here, and therefore, plaintiff's request for a stay of the proceedings is **DENIED**.

Moving to plaintiff's alternative request, the Court finds, after liberally construing his motion, that plaintiff has provided good cause to warrant an extension in this case. Specifically, it appears that the conditions of plaintiff's incarceration may have caused delay in his ability to timely comply with the Court's orders. Therefore, to the extent plaintiff requests an extension, such request is **GRANTED**.

### III. Conclusion

For the reasons more fully set forth above, plaintiff's motion [Doc. 26] is **GRANTED in part** and **DENIED in part**. The Clerk of Court is directed to again send plaintiff a service packet (a blank summons and Form USM-285) for defendant Caldwell, the remaining defendant, and a copy of the Court's previous memorandum opinion and

8

order [Doc. 24]. Plaintiff is hereby **ORDERED** to complete the service packet and return it to the Clerk's Office within **twenty (20) days** of receipt of this Memorandum Opinion and Order, at which point the packet is to be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Plaintiff is again **ON NOTICE** that failure to timely return the completed service packet will result in dismissal of his entire suit. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE