UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| REX A. MOORE,<br><br>    Plaintiff,<br><br>v.<br><br>JOHNNY CALDWELL, in his individual capacity,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)   No.: 3:24-CV-197-TAV-DCP<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM OPINION**

On September 4, 2024, plaintiff filed his second amended complaint in this case [Doc. 16]. After screening the second amended complaint, Magistrate Judge Debra C. Poplin issued a Report and Recommendation ("R&R"), which recommended, in part, allowing plaintiff's false arrest claim against Johnny Caldwell in his individual capacity to proceed beyond the initial screening phase [Doc. 17, pp. 1, 8–9]. On August 12, 2025, the Court entered a Memorandum Opinion and Order [Doc. 24], accepting and adopting in whole the R&R over plaintiff's objection [*See* Doc. 19]. Additionally, the Court directed the Clerk of Court to send plaintiff a service packet, which plaintiff was ordered to complete and return to the Clerk's Office within 20 days of receipt of the Court's Memorandum Opinion and Order [Doc. 24, p. 11]. Plaintiff was placed on notice that failure to timely return the completed service packet would result in dismissal of his entire suit [*Id.*].

More than 20 days elapsed, and the Court did not receive the completed service packet. Accordingly, on September 11, 2025, the Court ordered plaintiff to, within

10 days, provide evidence that he had completed and returned the service packet to the Clerk's Office or otherwise show good cause as to why he had not done so [Doc. 25]. In that order, the Court warned plaintiff that failure to timely comply with the show cause order would be grounds for the Court to dismiss this case without further notice [*Id.* at 1–2 (citing Fed. R. Civ. P. 41(b))].

More than 10 days passed, and plaintiff failed to timely respond to the Court's show cause order. On September 26, 2025, however, plaintiff filed a motion to, amongst other things, set aside the judgment in this case [*see* Doc. 26], which the Court construed as a request to discharge the show cause order [Doc. 27, p. 6; *see* Doc. 25]. Ultimately, the Court denied this request, finding that plaintiff had not satisfied his obligation under the show cause order [Doc. 27, p. 7]. Yet, the Court, finding good cause to do so, granted plaintiff an extension of time to satisfy such obligation [*Id.* at 8]. Accordingly, on October 24, 2025, the Court directed the Clerk of Court to send plaintiff another service packet as well as a copy of the Court's previous Memorandum Opinion and Order [*Id.* at 8–9; *see* Doc. 24]. With this, the Court ordered plaintiff to again complete the service packet and return it to the Clerk's Office within 20 days, cautioning that failure to timely return the completed service packet would result in dismissal of his entire suit [Doc. 27, p. 9 (citing Fed. R. Civ. P. 41(b))]. Once again, more than 20 days have passed, and plaintiff has failed to comply with this Court's order.

The Court further notes that, on November 12, 2025, the Court's first Memorandum

Opinion and Order in this case [Doc. 24] was returned as undeliverable [Doc. 28].[1] This Memorandum Opinion and Order was addressed to the Knox County Roger D. Wilson Detention Facility at 5001 Maloneyville Road, Knoxville, Tennessee, 37918 [*Id.*; *see* Doc. 24]. The Court's subsequent show cause order [Doc. 25], however, was sent to the Morgan County Correctional Complex at P.O. Box 2000, Wartburg, Tennessee, 37887.[2] It appears that this address was used by the Clerk according to plaintiff's Notice of Change of Address in another of his cases [*See* Case No. 3:22-cv-363, Doc. 70]. However, plaintiff never notified the Court in this instant action that his address had changed despite the Court's instruction to do so when plaintiff initiated this suit [*See* Doc. 6].[3] Nonetheless, although plaintiff did not receive the Court's first Memorandum Opinion and Order [Doc. 24] when it was originally entered, plaintiff received a copy of such when the Clerk mailed plaintiff the Court's second Memorandum Opinion and Order [*See* Doc. 27, pp. 8–9].

In total, plaintiff has failed to respond to the Court's order to complete and return a service packet [Doc. 27], and he has failed to properly notify the Court of changes in his address [Doc. 6 (citing E.D. Tenn. L.R. 83.13)]. Federal Rule of Civil Procedure 41(b) "provides for dismissal of an action where the plaintiff has failed 'to prosecute or comply with these rules or a court order.'" *Bonanno v. Virginia*, No. 22-5546, 2023 WL 8867912,

---

[1] The envelope had a notation that the mail was unable to be forwarded [Doc. 28].

[2] Additionally, the return address on the envelope for plaintiff's motion to set aside the judgment in this case was for the Morgan County Correctional Complex [Doc. 26, p. 7].

[3] The Court's Notice to plaintiff also informed him that failure to notify the Court of any address changes during the time of this action could result in dismissal [Doc. 6 (citing E.D. Tenn. L.R. 83.13)].

3

at *2 (6th Cir. June 26, 2023) (quoting Fed. R. Civ. P. 41(b)) (citation omitted); *accord Fuller v. Gerth*, 468 F. App'x 587, 588 (6th Cir. 2012) (citations omitted) ("District courts are empowered to dismiss actions when a litigant fails to comply with a court order, or fails to prosecute a case.").

The Sixth Circuit directs district courts to consider the following four factors in deciding whether to dismiss an action under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363 (citation omitted).

As discussed above, plaintiff failed to comply with two of this Court's orders, instructing him to notify the Court of any address changes [Doc. 6] and instructing him to complete and return a service packet for Caldwell [Doc. 27]. Plaintiff's failure to comply with the clear orders of the Court, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct. *See Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001) (citations omitted) (concluding that the plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and

4

justifie[d] dismissal"); *see also Vaughn v. Saul*, No. 1:18-CV-78, 2020 WL 808598, at *2 (E.D. Tenn. Feb. 18, 2020) (citations omitted) (stating that "[e]ven absent bad faith, failure to comply with court orders reflects 'willfulness and fault' for purposes of Rule 41(b)"). The Court further finds that plaintiff was warned that failure to comply could result in dismissal of his action [*See* Doc. 6, p. 1; Doc. 27, p. 9]. Finally, the Court considered less drastic sanctions but found that they would be ineffective under these circumstances. *See Fuller*, 468 F. App'x at 588.

Accordingly, this case is hereby **DISMISSED** for failure to prosecute and failure to follow the Court's orders. *See id.*; Fed. R. Civ. P. 41(b). An appropriate order shall enter.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE